**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHELSIEGH ADAMSON, | DOCKET NUMBER |
| Appellant, | AT-315H-22-0223-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: March 18, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chelsiegh Adamson</u>, Lithonia, Georgia, pro se.

<u>Jeanelle L. Graham</u>, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. On petition for review, the appellant challenges the merits of the agency termination decision and argues that she failed to respond to the order on jurisdiction because she believed that she had more time to prepare her response. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to conclude that the appellant failed to nonfrivolously allege that she has a regulatory right to Board review of her termination under 5 C.F.R. § 315.806(c), we AFFIRM the initial decision.

In the initial decision, the administrative judge determined that the appellant failed to nonfrivolously allege that she had a regulatory right to Board review of her probationary termination because she had not alleged that she was terminated based on partisan political reasons or because of her marital status. Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 3; *see* 5 C.F.R. § 315.805(b).  However, the administrative judge did not make a finding concerning whether the appellant had a regulatory right to appeal her probationary termination to the Board because it was based on pre-appointment reasons under 5 C.F.R. § 315.806(c).

As set forth in 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before her appointment may appeal her termination to the Board on the ground that it was not effected in accordance with the procedural requirements set forth in 5 C.F.R. § 315.805.  *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016).  Those procedural requirements include advance notice of the termination,

an opportunity to respond, and consideration of the response. *Id.*, ¶ 13; 5 C.F.R. § 315.805(a)-(c). In a probationary termination appeal arising under section 315.806(c), the only issue before the Board is whether the agency's failure to follow the procedures set forth in section 315.805 was harmful error and the Board does not address the merits of the agency's termination. *LeMaster*, 123 M.S.P.R. 453, ¶ 7.

The appellant failed to respond to the administrative judge's jurisdictional order and so she did not present any argument regarding any potential regulatory right to Board review under 5 C.F.R. § 315.806(c). ID at 3. However, with her initial appeal the appellant provided a copy of a proposed removal letter dated February 14, 2022, based on a charge of providing inaccurate information during the pre-employment process with three specifications. IAF, Tab 1 at 8-10. The first specification of the charge related to the appellant's failure to disclose a prior termination on her pre-employment background investigation questionnaire, on or about February 19, 2021. *Id.* at 8. The second specification concerned her failure to disclose a prior termination on her Declaration for Federal Employment form, which she certified as being true and correct on February 5, 2021. *Id.* The third specification alleged the appellant failed to disclose that she had been terminated by a prior employer in May 2017, and that in response to interrogatories provided to her on January 20, 2022, she answered "No" when asked if she had been written up or terminated by the prior employer. *Id.* at 8-9. The appellant also provided a copy of a removal decision letter dated February 28, 2022, which sustained the charge and the three underlying specifications and considered the relevant *Douglas*[2] factors. *Id.* at 11-15.

Additionally, with her petition for review the appellant has also provided a copy of the supplemental background investigation questions she received from the agency along with her responses, and reasserted that she was terminated based

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), the Board articulated a nonexhaustive list of twelve relevant factors to be considered in determining the appropriateness of an imposed penalty.

on answers she provided on her background investigation questionnaire. Petition for Review (PFR) File, Tab 1 at 6-7, 11-25. Further, with its response to the petition for review, the agency provided a summary of the appellant's oral reply to the proposed termination, which discusses the charge and each of the three specifications. PFR File, Tab 4 at 14-16.

The Board ordinarily will not consider evidence submitted for the first time on review absent a showing that it is both new and material. 5 C.F.R. § 1201.115(d); *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009). However, the issue of jurisdiction is always before the Board and may be raised sua sponte by the Board at any time during Board proceedings, and so we have considered the additional evidence provided by the parties on review. *Coradeschi v. Department of Homeland Security*, 109 M.S.P.R. 591, ¶ 7 (2008), *aff'd*, 326 F. App'x 566 (Fed. Cir. 2009).

Based on the foregoing, it appears that the appellant's probationary termination was based, at least in part, on pre-appointment reasons, and so the appellant may have been entitled to the procedures set forth in 5 C.F.R. § 315.805. We nevertheless conclude that she failed to nonfrivolously allege that she had a regulatory right to Board review of her termination under 5 C.F.R. § 315.806(c) because the record demonstrates that the agency followed the procedural requirements set forth in 5 C.F.R. § 315.805.

Based on the removal proposal and decision letters and the summary of the oral response, it is clear that the appellant was provided with all of the procedural requirements set forth in 5 C.F.R. § 315.805(a)-(c), including advance notice of her termination, an opportunity to respond, and consideration of her response. *See LeMaster*, 123 M.S.P.R. 453, ¶¶ 7, 13. Specifically, the appellant received the proposed termination letter on February 14, 2022, she was provided with 5 days to respond to the proposal, and a union representative provided an oral response on her behalf on February 16, 2022. PFR File, Tab 4 at 14.

The appellant also provided a written response to the proposal on February 14, 2022, and a second written response after the oral reply on February 16, 2022. PFR File, Tab 1 at 8-10. Additionally, the record clearly reflects that the deciding official took the appellant's responses into consideration before issuing his termination decision on February 28, 2022. PFR File, Tab 4 at 16 (oral response summary noting that the deciding official would consider the appellant's oral response, the union's written response, the information in the disciplinary file, and the *Douglas* factors before making a final decision); IAF, Tab 1 at 11 (termination decision letter reflecting that the deciding official fully considered the evidence before issuing the decision).

Accordingly, after considering the evidence in the record and the additional evidence provided on review, we conclude that the appellant failed to nonfrivolously allege that the agency failed to comply with the procedural requirements of 5 C.F.R. § 315.805 and so she has not established a basis for Board jurisdiction over her appeal under 5 C.F.R. § 315.806(c). Consequently, we deny the petition for review and affirm the initial decision dismissing the appellant's probationary termination appeal for lack of jurisdiction, as supplemented by the above analysis.[3]

---

[3] Regarding the appellant's argument on review that she believed the stay of the deadlines in the Acknowledgement Order also applied to her and so she had "more time to prepare," the Order Granting Stay clearly identified that the deadlines set forth in the Acknowledgement Order were stayed and said nothing about the deadlines in the jurisdiction order, which instructed the appellant to file a jurisdictional response within 15 days of March 4, 2022, on threat of dismissal for lack of jurisdiction. IAF, Tab 3 at 4-5, Tab 6. An appellant's failure to follow explicit filing instructions does not constitute good cause for any ensuing delay. *Sanford v. Department of Defense*, 61 M.S.P.R. 207, 209 (1994); *see Colon v. U.S. Postal Service*, 71 M.S.P.R. 514, 517 (1996) (explaining that a party's hastiness in reading a Board notice containing filing instructions does not evidence the due diligence necessary to excuse an untimely filing); *Mata v. Office of Personnel Management*, 53 M.S.P.R. 552, 554-55 (noting that a lack of familiarity with the Board's administrative practices does not constitute good cause for waiver of the Board's timeliness requirements), *aff'd*, 983 F.2d 1088 (Fed. Cir. 1992) (Table).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.